UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO ANGUIANO,<br><br>        Petitioner<br><br>        v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>        Respondents. | Case No. 2:20-cv-07080-JFW (GJS)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |

On August 4 2020, Petitioner, a federal prisoner, filed a 28 U.S.C. § 2241 habeas petition in this district, which alleges three grounds [Dkt. 1, "Petition"]. Petitioner names as Respondents the United States of America and Patricia Bradley, the Warden of FCI-Lompoc, the federal correctional institution at which Petitioner is incarcerated.

**THE PETITION'S CLAIMS**

*Ground One:* Petitioner alleges that in June 2020, his brother sent him a package in the mail, but unspecified prison officials refused to give it to him for 20 days. He further alleges that a Congressman and a Director are "at each other's throats" over the COVID-19 situation at FCI-Lompoc, and as a result, Petitioner and another

prisoner were placed in the SHU at USP-Lompoc on or about July 15, 2020. Petitioner alleges that correctional officers asked him and the other prisoner about who wanted to see the Congressman and thereafter placed both men in the SHU for "threat assessment." Petitioner alleges that these circumstances were retaliatory, in violation of his First Amendment rights.

*Ground Two:* Petitioner alleges that he has not been provided with a sufficient amount of additional clothing and bedding and that a vent is clogged with lint or dust. He complains that prisoners are given rotten fruit. Petitioner also complains that they are given powdered milk that has to be mixed with warm water. He asserts that the provision of powdered milk violates his First Amendment religious rights, because Christians believe that powdered milk is forbidden and that cold, fresh milk is required. He also complains that he was not provided with sanitation cleaning supplies when he was moved to the SHU.

*Ground Three*: Petitioner alleges that since he has been in the SHU, prison employees have restricted the use of radios. He contends that this violates his First, Eighth, and Fourteenth Amendment right to listen to Christian radio stations.

The Petition does not identify the "habeas" relief that Petitioner seeks. The Petitioner also does not allege that Petitioner had exercised and completed any of his administrative remedies with respect to the above matters of which he complains.

## DISCUSSION

Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), permits this Court to "apply any or all of these rules" to any habeas petition, even if the petition is not filed pursuant to 28 U.S.C. § 2254. Rule 4 of the Habeas Rules requires a district court to dismiss a petition, without ordering a responsive pleading, when "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Habeas Rule 4. For the following reasons, the Court has concluded that,

pursuant to Habeas Rule 4, summary dismissal of the Petition, without prejudice, is required. *See Bostic v. Carlson*, 884 F.2d 1267, 1269–70 (9th Cir.1989) (affirming district court's dismissal of a Section 2241 petition under Habeas Rules 1(b) and 4).

A habeas corpus petition under 28 U.S.C. § 2241 is the proper vehicle for a federal prisoner's challenge to the execution of his sentence. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). By contrast, challenges to a prisoner's conditions of confinement must be brought through a civil rights action, rather than through a habeas corpus petition. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991); *see also Hill v. McDonough*, 547 U.S. 573, 579 (2006) ("[a]n inmate's challenge to the circumstances of his confinement" must be brought through a civil rights action); *Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . ; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.") (cit. om.). A civil rights action is the "proper remedy" for a prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *see also Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) (habeas jurisdiction is lacking, and a civil rights action instead is appropriate, "where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"). "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas relief] and may be brought pursuant to § 1983 in the first instance." *Nelson v. Campbell*, 124 S. Ct. 2117, 2122 (2004).

The allegations of the Petition complain only about the conditions of Petitioner's confinement at FCI-Lompoc and in the SHU. Nothing he alleges relates to the execution of his sentence. Through Grounds One through Three, Petitioner seeks to pursue civil rights claims – apparently pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which applies

3

when claims are asserted against federal officials rather than 42 U.S.C. § 1983 – based on conditions of his confinement that are alleged to violate the First, Eighth, and Fourteenth Amendments. These three claims do not implicate the fact or duration of Petitioner's confinement, and thus, they are not cognizable under Section 2241. Instead, the claims alleged in the Petition must be raised by way of a *Bivens* complaint, rather than through a habeas petition brought under Section 2241.

The Court may construe a flawed habeas petition as a civil rights complaint. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Converting the Petition to a *Bivens* complaint would be improper, however, given that: (1) the Petition was not accompanied by the $350 filing fee or a request to proceed without prepayment of the full filing fee; (2) the Petition was not accompanied by a certified trust account statement covering the past six months as required by 28 U.S.C. § 1915(a); (3) the Petition was not accompanied by an authorization by Petitioner to have the $350 filing fee deducted from his trust account pursuant to 28 U.S.C. § 1915(b)[1]; (4) based on Petitioner's allegations and the timing of the matters alleged, it appears likely that he has not exhausted his administrative remedies for most, if not all, of his claims, a prerequisite to filing a civil rights action[2]; (5) no viable *Bivens* claim has been stated against the named Respondents or any other person[3]; and (6) the

---

[1] Petitioner is a prisoner, and thus, 28 U.S.C. § 1915(b) requires him to pay "the full amount of a filing fee," although he may do so through and initial partial payment and monthly payments thereafter rather than prepaying the entire amount.

[2] 42 U.S.C. § 1997e(a) provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e(a) requires exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).

[3] The United States and the Warden of FCI-Lompoc are the named Respondents. The United States is not a proper Defendant for a *Bivens* claim, as Petitioner's claims against it would be barred by sovereign immunity. *See Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007). The Petition does not contain any allegations with respect to Respondent Warden, such as what she did or did not do, much less identify what conduct by her violated the First, Eighth, and Fourteenth Amendments. Rather, the Petition

1  Petition fails to state the relief sought, an omission that not only violates Fed. R.
2  Civ. P. 8(a)(3) but is particularly problematic when *Bivens* claims are involved,
3  given that only limited types of relief are available in *Bivens* actions.[4]
4      In addition, if the Petition were converted to a *Bivens* complaint, Petitioner
5  would be obligated to pay the $350 filing fee for such a civil action, either in full up
6  front or through withdrawals from his prison trust account in accordance with the
7  availability of funds.  See 28 U.S.C. § 1915(b).  The dismissal of this action at the
8  pleading stage or otherwise would not end Petitioner's obligation to pay that $350
9  filing fee.  Further, the Court would be obligated to screen the converted Petition
10 pursuant to the screening provisions of the Prisoner Litigation Reform Act of 1995.
11 See 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).  As noted above, the
12 allegations of the Petition do not state a cognizable *Bivens* claim against the two
13 named Respondents or anyone else.  If the converted Petition ultimately were
14 dismissed for failure to state a claim upon which relief may be granted, that
15 dismissal could count as a "strike" against Petitioner for purposes of 28 U.S.C. §
16 1915(g), which provides that a prisoner who has three "strikes" – *i.e.,*.  prior actions
17 dismissed on the grounds that they are frivolous, malicious, or fail to state a claim
18 upon which relief may be granted – may not bring an action or appeal without
19 prepayment of the full filing fee unless "the prisoner is under imminent danger of
20 serous physical injury."

---

appears to constitute an improper and noncognizable attempt to hold the Warden vicariously liable premised on the doctrine of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013).

   In addition, the *Bivens* remedy is a limited one that, to date, has been approved by the Supreme Court in only three instances; extending it to others is disfavored.  *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-57 (2017).  None of the Petition's allegations fall within the scope of those three permissible types of *Bivens* claims and it is not apparent that any extension of the *Bivens* remedy to the matters alleged in the Petition would be warranted.

[4]   *See Ministerio Roca Solida v. McKelvey*, 820 F.3d 1090, 1093-94 (9th Cir. 2016).

5

Thus, the Court believes it is appropriate to dismiss the Petition, without prejudice. Petitioner then may determine whether or not he wishes to raise the subject-matter of the Petition through *Bivens* (or other) claims pleaded in a properly-submitted civil complaint. In making that decision, Petitioner must take into account the administrative exhaustion requirement and remember that he must either submit the $350 filing fee with his complaint or submit the necessary 28 U.S.C. § 1915 documents and pay the $350 filing fee over time if granted leave to do so.

Accordingly, for the foregoing reasons, it is ORDERED that the Petition shall be DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 11, 2020

_____
JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

Submitted by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE